James Earl GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 54625.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 21, 1978.

William E. Burdock, Saginaw, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Ronald G. Knight, David B. Lobingier and Scott Keeshin, Asst. Dist. Attys., Fort Worth, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

James Earl Green was charged for the offense of robbery by threats. A prior conviction for rape was alleged for enhancement. Punishment was assessed by the jury at fifteen years.

The indictment alleged that Green, while in the course of committing theft with intent to appropriate money of William Scott Clark, placed Clark in fear of imminent injury and death.

William Scott Clark testified that he was a high school senior from Orange who was in Fort Worth at the Downtowner Motel for a Key Club convention. He went to get ice on another floor of the motel. While he was waiting for an elevator on the second floor, appellant and another black man approached him. Appellant, the taller of the two, put his hand on Clark's shoulder and said, "Man, why don't you give me $2.00 for bus fare?" and Clark stated, "I don't have any. All I have is money to pay for my room." Clark further testified to the following:

"Q. Okay. What happened, then?

"A. He [appellant] said, 'I don't intend to rob you or nothing, so why don't you just give me the money?' And I still hadn't said anything. And he said, 'If you don't give me the money, I'm going to cave your head in.' He said, 'If you don't give me the money, I'm gonna beat—' You want me to say what he said? It's profane. 'I'm gonna beat the _____ out of you.' After he said that, the elevator door opened, the tallest guy put his hand on the door said, he said, 'If you don't give me the money, I'm going to shove you in here and we're gonna wear your _____ out.'

"Q. Who said those words?

"A. The Defendant."

Clark then ran down the hall to his room. His roommate opened the door and closed it behind Clark. He stayed in the room just long enough to tell about someone trying to

rob him. Shortly after he left the room, he saw a policeman coming up the stairs and reported, "Somebody tried to rob me." He gave a description of the two men to the officer. He testified that he feared for his life. He recognized appellant the next day at a lineup.

Larry A. Cox, a policeman for the City of Fort Worth, testified that at approximately 9:30 p. m. on the night in question he was at the Downtowner Motor Inn and saw several people staring upon the second floor toward the balcony and he looked up. He saw two black males and one white male. The white male had his back to the railing as if both black males were holding or attempting to push him off the railing. Cox got out of his truck and started toward the stairs. The two black males observed him. Cox then ran upstairs and two of the people told him that two black males had just robbed them. One of those who said he was robbed was Randy Nation. A chase started, other officers joined in it and appellant and his companion were arrested.

At the penalty stage of the trial, appellant admitted that he was the person previously convicted of the offense of rape alleged in the indictment for enhancement and that he had been convicted in 1971 for the felony offense of breaking and entering a motor vehicle with intent to commit theft and was placed on probation. The probation was revoked when he had been convicted for rape.

He admitted that he had asked Clark for two dollars but that he did not threaten him in any way.

He also admitted that Mike Bostick was with him and that Nation gave Bostick two dollars, and when the officer came up the stairs, Bostick jumped off the roof and took off running.

Appellant contends that the evidence is insufficient to show the felony offense of robbery as denounced by V.T.C.A., Penal Code, Section 29.02, which provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

■ Reliance is had upon *Jones v. State*, 467 S.W.2d 453 (Tex.Cr.App.1971), as the test applicable. It is as follows:

". . . to constitute the offense of robbery, there must be actual or threatened violence to the person antecedent to the robbery, or intimidation of such character that the injured party is put in fear. The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will."

In *Lightner v. State*, 535 S.W.2d 176 (Tex.Cr.App.1976), we held that the definition of robbery in the present penal code is broader than the one in Article 1408 of the 1925 Code.

■ The threat to cave in Clark's head was sufficient under the statute. We hold that the evidence is sufficient to support the conviction.

■ We perceive no reversible error because the State offered to introduce the offense report. This should not have been done. The court sustained the objection and the contents of the report were not seen by the jury.

There being no reversible error, the judgment is affirmed.