In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00035-CR


______________________________




SAMMY KIZZEE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 204th Judicial District Court


Dallas County, Texas


Trial Court No. F01-73341-Q




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Sammy Kizzee appeals his conviction for the January 23, 2001, robbery of a Dallas motel. 
(Kizzee has also appealed his convictions for two other robberies committed on January 17 and 21,
2001; the merits of those appeals are addressed by separate opinions in appellate cause numbers
06-02-00038-CR and 06-02-00039-CR.) (1) At the punishment trial in the case at bar, the jury found
the enhancement allegations contained in the indictment true and assessed punishment at thirty-five
years' imprisonment. On appeal, Kizzee contends the trial court erred by refusing Kizzee's request
for a lesser included offense charge of theft and by denying his requested jury charge on the
reasonableness of the victim's fear. We affirm the trial court's judgment for the reasons set forth
below.

I. Factual Background

 The facts of the January 17 and January 21, 2001, robberies are important to understanding
the events of the January 23, 2002, robbery. Therefore, we briefly summarize the facts relevant to
all three dates.

 On Wednesday, January 17, 2001, Varsha Khatri was working at the front desk of a
Super 8 Motel in Dallas, Texas. Around 3:10 p.m., Kizzee entered the business looking for a man
he called "J. R." (2) Kizzee was not a motel guest on this date, but there was evidence he had stayed
there on previous occasions. Kizzee stated J. R. owed him money. Khatri, who did not speak
English very well, replied that her husband (Hitesh Khatri) was not at the business but would return
in a few minutes to assist Kizzee. Kizzee told Khatri there were items belonging to him located in
the kitchenette behind the front check-in counter. The kitchenette is not available to customers. 
Khatri told Kizzee he could not go behind the front check-in counter and instructed him to wait until
her husband returned. Khatri testified that, nonetheless, Kizzee "went forcefully" into the kitchenette
near the front check-in counter. Kizzee opened a cabinet, peered inside, then returned to where
Khatri stood behind the check-in counter. Kizzee told her to move, stated he had a gun, and said,
"Raise your hands and don't do anything." Khatri testified that she believed Kizzee had a weapon
and that she feared imminent bodily injury. Khatri then sat down on the floor with her hands raised. 
According to Khatri, Kizzee then opened the register, removed more than $500.00, and left through
the front door. Khatri called someone at a nearby Howard Johnson Motel to let them know she had
been robbed. She also told J. R., who worked as a manager behind the front desk at the Howard
Johnson Motel, what happened. According to Khatri's testimony, J. R. told Khatri he thought he
knew  the  robber's  identity.  Khatri  did  not  report  the  January  17  robbery  to  police  until  after
January 21. 

 On Sunday, January 21, 2001, Khatri again was working at the same Super 8 Motel in Dallas. 
According to Khatri's testimony, Kizzee entered the motel through the back laundry entrance around
5:00 p.m. Kizzee wore the same clothes he had worn during the previous robbery, but this time said
nothing. Khatri testified Kizzee's reappearance scared her because he had previously robbed her at
that motel. Khatri then fled the lobby area and locked herself inside a small room off the main lobby. 
Khatri heard Kizzee go to the cash drawer, open it, take money from the drawer (she would later
testify that about $150.00 was removed), and then say, "Where is more money?" Khatri replied,
through the door, "I don't know." Khatri did not unlock the door until two maids, who also
witnessed the events, told Khatri it was safe to come out. (The maids were later able to identify
Kizzee as the robber.) Khatri then called someone at the nearby Howard Johnson Motel to let them
know she had again been robbed. Later, at trial, the jury viewed a videotape recording of this second
robbery. (3)

 On January 23, 2001, J. R. was working the registration desk at the Howard Johnson Motel
located near the Super 8 Motel where Khatri worked. He testified that, before January 23, he knew
of the previous two robberies at the Super 8 Motel. According to J. R.'s testimony, Kizzee entered
the Howard Johnson lobby sometime after midnight. Kizzee came around the front desk and told
J. R. to give him money, otherwise he would kill J. R. J. R. testified he did not see a weapon in
Kizzee's hands but knew from past dealings with Kizzee that Kizzee owned guns and was a
dangerous person. J. R. testified Kizzee's behavior and threats frightened him. J. R. moved into a
back room behind the front desk, closed the door, and pulled a fire alarm located inside the room. 
J. R. testified that later he discovered there was no money missing from the motel's cash register
because J. R. had removed the keys to the register before he ran into the back room. (4)

 On February 9, 2001, Kizzee gave a custodial statement to Walter Hughey of the Mesquite
Police Department. (5) In that statement, Kizzee admitted taking money from the cash register of the
Super 8 Motel on two separate occasions in January of 2001. He also admitted he told the lady
working the front check-in counter (Khatri) to go into the back room, which she did. 

II. Lesser Included Charge

A. Standard of Review

 In his first point of error, Kizzee contends the trial court erred by denying his request for a
jury charge that would permit the jury to find him guilty of the lesser included offense of theft. He
claims his written confession is at least some evidence from which the jury could find him guilty
only of theft. 

 To be entitled to a charge on a lesser offense, each element of the lesser offense must be
included as an element of the original offense and there must be some evidence that would allow the
jury to find the defendant guilty of only the lesser included offense. Rousseau v. State, 855 S.W.2d
666, 672-73 (Tex. Crim. App. 1993). An appellate court should review all the evidence presented
at trial to determine whether the defendant should have been granted the requested jury charge on
a lesser included offense. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). "The issue
is, therefore, whether any evidence exists in the record that would permit a rational jury to find that
the defendant is guilty only of theft. Anything more than a scintilla of evidence is sufficient to entitle
a defendant to a lesser charge." Id.

B. Analysis

 The indictment charged Kizzee with the theft of United States currency from J. R. and further
charged that Kizzee knowingly and intentionally placed J. R. in fear of imminent bodily injury
during the theft. A person commits the offense of robbery if (1) "in the course of," (6) (2) intentionally
or knowingly, (3) taking property, (4) that belongs to another, (5) with intent to permanently deprive
the owner of said property, (6) the person intentionally or knowingly, (7) threatens or places another
in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon 1994), § 31.03
(Vernon Supp. 2003). To convict Kizzee under the indictment for the January 23, 2001, robbery,
the State needed to prove that, while Kizzee was in the course of intentionally or knowingly taking,
or in this case attempting to take, United States currency belonging to J. R. (under the special
ownership of J. R. as an employee of the motel), with intent to permanently deprive J. R. of the
currency, Kizzee intentionally or knowingly threatened or placed J. R. in fear of imminent bodily
injury. See Tex. Pen. Code Ann. § 29.02. 

 A person commits the offense of theft if the person (1) intentionally or knowingly, (2) takes
property, (3) belonging to another, (4) with intent to deprive the owner of said property. Tex. Pen.
Code Ann. § 31.03. To convict Kizzee under a lesser included offense charge for theft-as
authorized by the indictment for the January 23, 2001, robbery-the State would have needed to prove
Kizzee intentionally or knowingly took United States currency belonging to J. R. (under the special
ownership as an employee of the motel) with intent to permanently deprive him of the currency. See
Rousseau, 855 S.W.2d at 672 (lesser included offense must be included within proof necessary to
establish offense charged).

 For evidence that he is guilty only of the lesser included offense of theft, Kizzee directs our
attention to the custodial statement he gave police. In the statement, Kizzee claims the January
robberies were committed with J. R.'s help. Kizzee argues in his brief that, because J. R. consented
to the robberies, J. R. could not reasonably have been in fear of his life and, therefore, an essential
element of the offense of robbery was missing, thereby permitting the jury to find Kizzee guilty only
of the lesser included offense of theft. However, as the State correctly points out, Kizzee's custodial
statement is no evidence in support of a lesser included offense of theft. Kizzee's statement does not
say Kizzee stole United States currency under the control of J. R.; instead, it states Kizzee took
money from the motel while a manager named Kevin-not J. R.-was on duty at the Howard Johnson
Motel. The indictment did not allege the victim was named Kevin, and the State's burden of proof
under a lesser included charge would have been to show Kizzee stole currency belonging to J. R.
rather than someone called "Kevin." See id. (proof of lesser included offense must be included
within proof necessary to establish the greater offense). We have also reviewed the record and have
found no evidence that J. R. was also known as "Kevin." Accordingly, there was no evidence
presented at trial from which a rational jury could have found Kizzee guilty of only the lesser
included offense of theft of currency from J. R. Cf. Fulmer v. State, 731 S.W.2d 943 (Tex. Crim.
App. 1987) (subsequent prosecution not barred by double jeopardy where prior jury had acquitted
defendant of indecency because prior indictment did not correctly set forth complainant's name). 
Kizzee has failed to meet the second prong of the Rousseau test for requiring a lesser included
offense charge. 

 Additionally, if one believes J. R.'s testimony that Kizzee was unable to take any money in
the January 23 robbery because the cash register was locked, then Kizzee could not be guilty of a
lesser included charge of theft because Kizzee would not have "take[n] property belonging to
another." See Tex. Pen. Code Ann. § 31.03. The evidence would have been legally insufficient to
support a verdict that Kizzee was guilty of a completed theft.

 We overrule Kizzee's first point of error.

III. Jury Charge on the Reasonableness of the Victim's Fear

A. Standard of Review

 In his second point of error, Kizzee contends the trial court erred by denying his proposed
jury instruction that would have directed the jury on how to determine whether a victim's fear was
reasonable. His proposed instruction was based on Welch v. State, 880 S.W.2d 225 (Tex.
App.-Austin 1994, no pet.), in which the Third Court of Appeals held that, for purposes of reviewing
legal sufficiency of a robbery conviction on appeal, the evidence of the victim's fear "must be of such
nature as in reason and common experience is likely to induce a person to part with his property
against his will. The victim's fear may not arise merely from some temperamental timidity, but must
result from some conduct of the perpetrator." Id. at 226 (citations omitted). Kizzee also directs our
attention to Green v. State, 567 S.W.2d 211 (Tex. Crim. App. 1978), and Wilmeth v. State, 808
S.W.2d 703 (Tex. App.-Tyler 1991, no pet.), in support of his proposed instruction.

 The function of a jury charge is to instruct the jury on the law applicable to the case. Abdnor
v. State, 871 S.W.2d 726 (Tex. Crim. App. 1994). The charge is the instrument by which the jury
convicts; therefore, the charge must contain an accurate statement of the law and must set out all the
essential elements of the offense. Id.; see also Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon
Supp. 2003). When reviewing charge error, we must first determine whether error actually exists
in the charge. Escobar v. State, 28 S.W.3d 767, 778 (Tex. App.-Corpus Christi 2000, pet. ref'd)
(citing Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998)); Duke v. State, 950 S.W.2d
424, 426 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (citing Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1984) (op. on reh'g)). This part of the analysis requires a review of the charge
as a whole, examining the workable relationship between the abstract parts of the charge and the
application paragraphs. Escobar, 28 S.W.3d at 778. If we find error in the charge, the second step
of the analysis requires us to determine whether the error was the subject of an objection before the
trial court. Almanza, 686 S.W.2d at 171. If the defendant made a timely objection to the charge,
then reversal is required if the error is calculated to injure the defendant's rights. Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981); Almanza, 686 S.W.2d at 171. Otherwise, reversal may be had
only for "fundamental" error, that is, if the defendant demonstrates egregious harm resulting from
the error. Almanza, 686 S.W.2d at 171-72.

B. Analysis

 In Welch, our sister court held that, when examining the legal sufficiency of a robbery
conviction with respect to the element of fear, the reviewing court must determine whether "the fear
must be of such nature as in reason and common experience is likely to induce a person to part with
his property against his will." Welch, 880 S.W.2d at 226. Welch, however, does not hold that a jury
should be so instructed in the trial court's charge.

 Similarly, in Green, the Texas Court of Criminal Appeals reaffirmed its position that "to
constitute the offense of robbery, there must be actual or threatened violence to the person antecedent
to the robbery, or intimidation of such character that the injured party is put in fear. The fear must
be of such nature as in reason and common experience is likely to induce a person to part with his
property against his will." Green, 567 S.W.2d at 213 (quoting Jones v. State, 467 S.W.2d 453 (Tex.
Crim. App. 1971)). The Texas Court of Criminal Appeals, however, applied this standard while
reviewing the legal sufficiency of the evidence. See Green, 567 S.W.2d at 213. The Texas Court
of Criminal Appeals' opinion in Green does not require a trial court to instruct a jury on how to
evaluate the reasonableness of a victim's fear; instead, Green serves as guidance for appellate review.

 Finally, in Wilmeth, the Tyler Court of Appeals, in reviewing evidentiary sufficiency, held
that the victim's fear must "be of such nature as in reason and common experience is likely to induce
a person to part with his property against his will." Wilmeth, 808 S.W.2d at 705 (quoting Green, 567
S.W.2d at 213). The Twelfth Court's holding in Wilmeth does not require trial courts to instruct
juries, using an appellate standard of review for legal sufficiency, on how to determine whether a
victim's fear was reasonable. Wilmeth, 808 S.W.2d at 706. Accordingly, we find no precedent, and
Kizzee has directed our attention to none, that requires the trial court to instruct a jury on how to
determine whether a victim's fear of imminent bodily injury was reasonable by using a standard
designed for appellate review. We cannot say the trial court erred in denying the requested jury
instruction.

 For the reasons stated, we affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice



Date Submitted: January 17, 2003

Date Decided: February 11, 2003


Do Not Publish
1. In Cause Number 06-02-00035-CR, the defendant's name is listed as Sammy Kizzee, a/k/a
Eddie Walker in the indictment and as Sammy Kizzee in the judgment. In Cause Number 06-02-00038-CR, it is listed as Eddie Walker in the indictment and as Eddie Walker Sammy Lee Kizzee
in the judgment. In Cause Number 06-02-00039-CR, it is listed as Sammy Lee Kizzee Jr. in the
indictment and in the judgment. We will refer to him as Sammy Kizzee.
2. J. R. turns out to be named Ervuankai Jeevaraj, but we will refer to him throughout this
opinion as "J. R."
3. There was no videotape of the first robbery. 
4. One can commit robbery without successfully taking money. Robbery is committed "in the
course of committing theft," Tex. Pen. Code Ann. § 29.02(a) (Vernon 1994), which phrase is
defined  to  include  "conduct  that  occurs  in  an  attempt  to  commit  .  .  .  theft."  Tex.  Pen. 
Code Ann. § 29.01(1) (Vernon 1994). "Since the actual success of obtaining the property sought
is not an element of the offense of aggravated robbery, the fact that the acts tend but fail to obtain
the property does not render them insufficient to effect the commission of the offense of aggravated
robbery." Watts v. State, 516 S.W.2d 414, 415 (Tex. Crim. App. 1974).
5. At trial, Kizzee challenged the voluntariness of his custodial statement. The trial court
found the statement to have been given voluntarily. Kizzee does not raise this issue again on appeal. 
Therefore, we will assume the trial court did not err by finding the statement was given voluntarily.
6. Since the phrase "in the course of committing theft" is defined to include conduct
committed, not only during a theft, but also during an attempted theft and during immediate flight
from a theft or an attempted theft, Tex. Pen. Code Ann. § 29.01(1), theft is not necessarily always
a lesser included offense to robbery. If the evidence presented in a robbery prosecution fails to
support a charge of theft because the theft attempt was unsuccessful or incomplete, theft would not
be a lesser included offense to robbery.