COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-123-CR
MELVIN WILSON, JR.                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
The State charged Appellant Melvin Wilson, Jr. ("Wilson") with
robbery by threats. The indictment included enhancement and habitual offender
notices based upon two prior felony convictions. Wilson pleaded not guilty to
the charged offense and true to the enhancement and habitual offender
paragraphs. A jury convicted Wilson, and the court assessed his punishment at 35
years' imprisonment. In a single point, Wilson challenges the factual
sufficiency of the evidence to support his conviction. We will affirm.
II. Background Facts
On July 14, 2001, Crystal Bonham was working the third shift, from 10:00 p.m.
to 6:00 a.m., at a 7-11 convenience store in Arlington. During that shift, an
unidentified man and Wilson entered the store. Ms. Bonham saw the first man pick
up a package of beer and walk out of the 7-11 without paying.
Ms. Bonham asked Wilson whether he knew the man who took the beer. Wilson
replied that he did not and asked why Ms. Bonham wanted to know. When Ms. Bonham
told Wilson that she saw the first man steal some beer, Wilson picked up two
twelve-packs of beer and said, "I think I'll take these"; he then
headed toward the door. Ms. Bonham told Wilson to stop and then hopped over the
counter to pursue him. When Ms. Bonham came over the counter, Wilson looked at
her and said, "If you touch me, I'll fucking shoot you." Wilson's tone
of voice was serious, and Ms. Bonham was frightened by the threat. She feared
that Wilson would hurt her and was concerned that he might have a gun.
When Wilson left the store, Ms. Bonham followed him outside. From the side of
the 7-11, she saw Wilson and the other man in a van a few yards away. As she
tried to see the van's license plate number, one of the men said, "Run that
bitch over." Ms. Bonham got the plate number, said "[f]uck you,"
ran back inside the store, wrote down the license number, and called the police.
Arlington Police Officer Brian Boisvert, dispatched to the convenience store
in response to Ms. Bonham's call, arrived at the 7-11 within a few minutes. He
testified that Ms. Bonham's hands were visibly shaking and her voice was
trembling as she told him what had happened. He said Ms. Bonham appeared to be
alarmed and emotional. Officer Boisvert concluded that Ms. Bonham was scared by
Wilson's threat and that she believed Wilson would shoot her. Ms. Bonham told
Officer Boisvert that she feared the men might have had a weapon in the van. She
provided Officer Boisvert with a description of the two men and the van. The
police later arrested Wilson, and Ms. Bonham identified him from a police
photo-spread.
In addition to the testimony of Ms. Bonham and Officer Boisvert, the jury
heard Kenneth Isom's testimony about a conversation he had with Wilson while
both men were incarcerated in the Tarrant County Jail. Isom testified that
Wilson admitted threatening Ms. Bonham to stymie her pursuit of him. Isom said
that he initially revealed Wilson's admission to him because he mistakenly
believed a person could not be charged with robbery based upon a threat. Isom
said, however, that he felt compelled to testify truthfully even after he
learned the true state of the law, despite the consequences to Wilson.
Finally, the jury saw the convenience store surveillance video tape of the
offense. The tape contained no audio feature, but Ms. Bonham pointed out the
moment on the video when Wilson threatened to shoot her. She testified that she
followed the men outside in spite of Wilson's threat because "if you don't
do it, they don't know who to catch and people won't get in trouble."
III. Factual Sufficiency of the Evidence
Wilson complains that the evidence was factually insufficient to support his
conviction for robbery by threats. Specifically, Wilson contends that factually
insufficient evidence exists to prove that he knowingly or intentionally
threatened Ms. Bonham or placed her in fear of imminent bodily injury or death.
In reviewing the factual sufficiency of the evidence to support a conviction,
we are to view all the evidence in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is factually insufficient
if it is so weak as to be clearly wrong and manifestly unjust or the adverse
finding is against the great weight and preponderance of the available evidence.
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a
neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the verdict, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Id. In performing this
review, we are to give due deference to the fact finder's determinations. Id.
at 8-9; Clewis, 922 S.W.2d at 136. Consequently, we may find the
evidence factually insufficient only where necessary to prevent manifest
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).
To convict Wilson of robbery by threats, the State was required to prove
that, in the course of committing theft and with intent to obtain or maintain
control of the property, Wilson intentionally or knowingly threatened Ms. Bonham
or placed her in fear of imminent bodily injury or death. See Tex. Pen.
Code Ann. § 29.02(a)(2) (Vernon 1994); see also Green v. State, 567
S.W.2d 211, 213 (Tex. Crim. App. [Panel Op.] 1978). The fear must be of such
nature as in reason and common experience is likely to induce a person to part
with his property against his will. Green, 567 S.W.2d at 213.
Wilson contends that Ms. Bonham, by jumping over the counter, following him
outside to obtain the van's license plate number, and by directing an obscenity
toward him, exhibited a lack of fear outweighing her trial testimony that she
was scared. Wilson points out that, after the incident, Ms. Bonham returned
inside and calmly picked up fallen beer cartons from the floor, proceeded to
ring up customers, and completed the remainder of her shift before going home.
In Wilson's view, this evidence proves that Ms. Bonham was either never
threatened at all or was not placed in sufficient fear by any threat actually
made.
Ms. Bonham testified, however, that Wilson threatened to shoot her and caused
her to fear for her life. Officer Boisvert testified that Ms. Bonham was shaking
and trembling when he interviewed her just minutes after the offense. He offered
his firm opinion that Ms. Bonham was frightened by Wilson's threat of violence.
An acquaintance of Wilson's informed the jury that Wilson admitted to
threatening Ms. Bonham to ease his getaway with the stolen beer. The video
surveillance tape is not inconsistent with Ms. Bonham's version of events in the
store. Finally, Ms. Bonham testified that her actions immediately following the
threat sprang from her desire to see the perpetrators caught and her knowledge
that, if she failed to take action, the police would likely be unable to
apprehend them.
Viewing all of the evidence in a neutral light, the evidence showing Wilson
knowingly or intentionally threatened Ms. Bonham or placed her in fear of
imminent bodily injury or death is not greatly outweighed by the evidence Wilson
highlights showing Ms. Bonham's allegedly calm reaction to the crime. See,
e.g., Green, 567 S.W.2d at 212 (holding threat that "[i]f you
don't give me the money, I'm going to cave your head in" sufficient to
invoke fear of imminent bodily injury); Liggens v. State, 50 S.W.3d
657, 661 (Tex. App.--Fort Worth 2001, pet. ref'd) (holding defendant's "gass[ing]"
car and driving at victim sufficient to place victim in fear of imminent bodily
injury or death); Wilmeth v. State, 808 S.W.2d 703, 706 (Tex.
App.--Tyler 1991, no pet.) (holding under circumstances of robbery defendant's
menacing glance and clenched fists sufficient to invoke fear of imminent bodily
injury). Accordingly, we hold the evidence is factually sufficient to support
Wilson's conviction and overrule Wilson's sole point.
IV. Conclusion
Having overruled Wilson's sole point, we affirm the trial court's judgment.
 
                                                                       
SUE WALKER
                                                                       
JUSTICE
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered February 13, 2003]

1. See Tex. R. App. P. 47.4.