Wilson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-123-CR

MELVIN WILSON, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 
DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

The State charged Appellant Melvin Wilson, Jr. (“Wilson”) with robbery by threats.  The indictment included enhancement and habitual offender notices based upon two prior felony convictions.  Wilson pleaded not guilty to the charged offense and true to the enhancement and habitual offender paragraphs.  A jury convicted Wilson, and the court assessed his punishment at 35 years’ imprisonment. 
 
In a single point, Wilson challenges the factual sufficiency of the evidence to support his conviction.  We will affirm.

II. Background Facts

On July 14, 2001, Crystal Bonham was working the third shift, from 10:00 p.m. to 6:00 a.m., at a 7-11 convenience store in Arlington.  During that shift, an unidentified man and Wilson entered the store.  Ms. Bonham saw the first man pick up a package of beer and walk out of the 7-11 without paying. Ms. Bonham asked Wilson whether he knew the man who took the beer. Wilson replied that he did not and asked why Ms. Bonham wanted to know. When Ms. Bonham told Wilson that she saw the first man steal some beer, Wilson picked up two twelve-packs of beer and said, “I think I’ll take these”; he then headed toward the door.  Ms. Bonham told Wilson to stop and then hopped over the counter to pursue him.  When Ms. Bonham came over the counter, Wilson looked at her and said, “If you touch me, I’ll fucking shoot you.”  Wilson’s tone of voice was serious, and Ms. Bonham was frightened by the threat.  She feared that Wilson would hurt her and was concerned that he might have a gun.

When Wilson left the store, Ms. Bonham followed him outside.  From the side of the 7-11, she saw Wilson and the other man in a van a few yards away. As she tried to see the van’s license plate number, one of the men said, “Run that bitch over.”  Ms. Bonham got the plate number, said “[f]uck you,” ran back inside the store, wrote down the license number, and called the police.

Arlington Police Officer Brian Boisvert, dispatched to the convenience store in response to Ms. Bonham’s call, arrived at the 7-11 within a few minutes.  He testified that Ms. Bonham’s hands were visibly shaking and her voice was trembling as she told him what had happened.  He said Ms. Bonham appeared to be alarmed and emotional.  Officer Boisvert concluded that Ms. Bonham was scared by Wilson’s threat and that she believed Wilson would shoot her.  Ms. Bonham told Officer Boisvert that she feared the men might have had a weapon in the van.  She provided Officer Boisvert with a description of the two men and the van.  The police later arrested Wilson, and Ms. Bonham identified him from a police photo-spread.

In addition to the testimony of Ms. Bonham and Officer Boisvert, the jury heard Kenneth Isom’s testimony about a conversation he had with Wilson while both men were incarcerated in the Tarrant County Jail.  Isom testified that Wilson admitted threatening Ms. Bonham to stymie her pursuit of him.  Isom said that he initially revealed Wilson’s admission to him because he mistakenly believed a person could not be charged with robbery based upon a threat.  Isom said, however, that he felt compelled to testify truthfully even after he learned the true state of the law, despite the consequences to Wilson.

Finally, the jury saw the convenience store surveillance video tape of the offense.  The tape contained no audio feature, but Ms. Bonham pointed out the moment on the video when Wilson threatened to shoot her.  She testified that she followed the men outside in spite of Wilson’s threat because “if you don’t do it, they don’t know who to catch and people won’t get in trouble.”

III. Factual Sufficiency of the Evidence

Wilson complains that the evidence was factually insufficient to support his conviction for robbery by threats.  Specifically, Wilson contends that factually insufficient evidence exists to prove that he knowingly or intentionally threatened Ms. Bonham or placed her in fear of imminent bodily injury or death.
 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id
.  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id
. at 8-9; 
Clewis
, 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
 To convict Wilson of robbery by threats, the State was required to prove that, in the course of committing theft and with intent to obtain or maintain control of the property, Wilson intentionally or knowingly threatened Ms. Bonham or placed her in fear of imminent bodily injury or death.  
See
 
Tex. Pen. Code Ann.
 § 29.02(a)(2) (Vernon 1994); 
see also Green v. State
, 567 S.W.2d 211, 213 (Tex. Crim. App. [Panel Op.] 1978).  The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will.  
Green
, 567 S.W.2d at 213.

Wilson contends that Ms. Bonham, by jumping over the counter, following him outside to obtain the van’s license plate number, and by directing an obscenity toward him, exhibited a lack of fear outweighing her trial testimony that she was scared.  Wilson points out that, after the incident, Ms. Bonham returned inside and calmly picked up fallen beer cartons from the floor, proceeded to ring up customers, and completed the remainder of her shift before going home.  In Wilson’s view, this evidence proves that Ms. Bonham was either never threatened at all or was not placed in sufficient fear by any threat actually made.

Ms. Bonham testified, however, that Wilson threatened to shoot her and caused her to fear for her life.  Officer Boisvert testified that Ms. Bonham was shaking and trembling when he interviewed her just minutes after the offense. He offered his firm opinion that Ms. Bonham was frightened by Wilson’s threat of violence.  An acquaintance of Wilson’s informed the jury that Wilson admitted to threatening Ms. Bonham to ease his getaway with the stolen beer. The video surveillance tape is not inconsistent with Ms. Bonham’s version of events in the store.  Finally, Ms. Bonham testified that her actions immediately following the threat sprang from her desire to see the perpetrators caught and her knowledge that, if she failed to take action, the police would likely be unable to apprehend them.

Viewing all of the evidence in a neutral light, the evidence showing Wilson knowingly or intentionally threatened Ms. Bonham or placed her in fear of imminent bodily injury or death is not greatly outweighed by the evidence Wilson highlights showing Ms. Bonham’s allegedly calm reaction to the crime. 
See
,
 e.g.
,
 Green
, 567 S.W.2d at 212 (holding threat that “[i]f you don’t give me the money, I’m going to cave your head in” sufficient to invoke fear of imminent bodily injury); 
Liggens v. State
, 50 S.W.3d 657, 661 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding defendant’s “gass[ing]” car and driving at victim sufficient to place victim in fear of imminent bodily injury or death);
 Wilmeth v. State
, 808 S.W.2d 703, 706 (Tex. App.—Tyler 1991, no pet.) (holding under circumstances of robbery defendant’s menacing glance and clenched fists sufficient to invoke fear of imminent bodily injury)
.  Accordingly, we hold the evidence is factually sufficient to support Wilson’s conviction and overrule Wilson’s sole point.

IV. Conclusion

Having overruled Wilson’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered February 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.