NO. 07-07-0174-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2009
_____

MICHAEL DON BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 07-079-K26; HONORABLE BILLY RAY STUBBLEFIELD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Michael Don Brown appeals from his conviction by jury of the offense of robbery and his resulting sentence of confinement for a term of twenty-five years. Via three points of error, appellant challenges the legal and factual sufficiency of the evidence to support his conviction and asserts the trial court erred in failing to properly instruct the jury. We affirm.

Background

Appellant was charged by indictment alleging that, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death.[1] Following a plea of not guilty, the case was tried before a jury.

Evidence showed that appellant entered a Walgreens store and, after a time, walked behind a counter. A female employee told appellant he was not permitted in that area. Appellant then squatted down, placed one of his hands inside his jacket pocket and pointed at the victim through his jacket pocket. He opened a glass case and removed four cartons of cigarettes. He placed the cartons in his jacket and left the store.

After hearing the evidence presented at trial, the jury found appellant guilty of robbery. Appellant plead "true" to the two enhancement offenses set forth in the indictment. The jury assessed punishment at twenty-five years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The court sentenced appellant accordingly and this appeal followed.

---

[1] *See* Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years. The range of punishment for this offense is enhanced pursuant to Penal Code § 12.42 as appellant had been twice before convicted of a felony. Tex. Penal Code Ann. § 12.42 (Vernon 2007).

Analysis

*Sufficiency of Evidence*

In appellant's first two points of error, he contends the evidence was legally and factually insufficient to support his conviction. Appellant was charged pursuant to Penal Code § 29.02(a)(2), which provides a person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). Appellant concedes that he committed a theft;[2] however, he denies taking any action that would threaten the victim or put the victim in fear.

To prove the offense of robbery as charged, there must have been threatened violence to the victim, or intimidation of such a nature that the threatened party was put in fear. *See Green v. State*, 567 S.W.2d 211, 213 (Tex.Crim.App.1978). The victim's fear may not arise merely from some temperamental timidity, but must result from some conduct of the perpetrator. *Devine v. State*, 786 S.W.2d 268, 271 (Tex.Crim.App.1989). The fear must be of such a nature as in reason and common experience is likely to induce a person to part with his property against his will. *Id.* at 270. The threat or conduct placing another in fear must be of imminent bodily injury, that is "ready to take place, near at hand, ... menacingly near*." Id.* (citations omitted). However, proving robbery by showing the defendant placed another in fear does not require an actual threat. *See Childress v. State*,

---

[2] At trial, appellant pled guilty to the lesser-included offense of theft.

917 S.W.2d 489, 494 (Tex.App.–Houston [14th Dist.] 1996, no pet.) ("The fact-finder may conclude that an individual was 'placed in fear,' in circumstances where no actual (verbal) threats were conveyed by the accused"); *Williams v. State*, 827 S.W.2d 614, 616 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd) (noting that a fact finder can determine that an individual perceived fear when accused made no actual threats). Instead, it is sufficient that the alleged robber engage in some conduct that places another in fear of imminent bodily injury or death. *Burton v. State,* 230 S.W.3d 846, 852-53 (Tex.App.–Houston [14th Dist.] 2007, no pet.). Thus, when evaluating the sufficiency of the evidence a defendant intentionally or knowingly threatened or placed the victim in fear of imminent bodily injury or death, we apply an objective standard, asking whether "the words and conduct of the accused were sufficient to place a reasonable person in the victim's circumstances in fear of imminent bodily injury or death." *Welch v. State*, 880 S.W.2d 225, 226 (Tex.App.–Austin 1994, no pet.); *see Wilmeth v. State*, 808 S.W.2d 703, 706 (Tex.App.–Tyler 1991, no pet.) (determining whether defendant's conduct was such that in "reason and common experience" the victim would feel fear and be likely to part with property against his will).

*Legal Sufficiency*

In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inference therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing*

4

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

*Factual Sufficiency*

A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency review, we consider all the evidence, but in a neutral light. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414.

*Application*

Appellant concedes he committed theft of the cigarettes. Likewise, it is undisputed the victim was frightened at the time of the incident. The victim testified she "was very scared" because she thought he had "a gun or something" inside his jacket pocket. The victim testified her belief was supported by her experience in a previous robbery several years earlier. The responding officer and the store manager also testified to the victim's

5

fright. Our inquiry here, then, is whether the evidence presented at trial was factually and legally sufficient to support the jury's finding that during the course of the theft, appellant knowingly or intentionally threatened or placed the victim in fear of imminent bodily injury or death. In essence, appellant's contention is that his actions were not sufficient to give a reasonable person such fear.

Appellant contends he made no threatening gestures toward the victim, he did not speak to or look at her, or move closer than eight to ten feet from her. He also emphasizes one of the statements the victim provided police, in which she stated, "the only reason I believe he had a weapon was because I had gotten held up a couple years ago . . . and that man did hold a gun in his jacket."

We find the jury rationally could have considered appellant's actions to be threatening toward the victim. The victim was at the cash register, at the closed end of the counter. Appellant was near the open end of the counter. The victim testified that appellant placed his hand in his jacket and pointed at her with his hand in his pocket when she told him, "you can't be back here." She agreed with the prosecutor that he kept the pocket pointed in her direction while he removed the cigarette cartons from the display case. She testified, "when he put his hand in his pocket, to me, it was like he had something in his pocket." Under these circumstances, that the victim's belief was influenced by her previous experience in which a robber did have a gun in his pocket does not detract from the reasonableness of her fear. Too, contrary to appellant's contention, the victim said he looked at her during these events. We find the evidence was legally and

6

factually sufficient to support appellant's conviction, and overrule appellant's first two points of error.

*Court's Refusal of Appellant's Requested Jury Instruction*

In appellant's last point of error, he challenges the trial court's denial of his requested instruction. The trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2006). Error in a criminal jury charge is reviewed under Code of Criminal Procedure Article 36.19. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006). In analyzing a jury charge complaint, we first determine whether error exists in the charge and if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). Where an objection has been made, reversal is required if the error is "calculated to injure the rights of defendant*." Id.; Guevara v. State,* 152 S.W.3d 45 (Tex.Crim.App. 2004); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). If a defendant does not object to the charge, reversal is required only if the harm is so egregious the defendant has not had a fair and impartial trial. *Ngo,* 175 S.W.3d at 743-44.

At the charge conference, appellant requested the inclusion of the following instruction: "You are not to consider sympathy, bias, or prejudice as part of your deliberations, nor are you to refer to or discuss any matter not in evidence before you." The trial court denied appellant's request[3] and submitted the instruction that "[i]n deliberating on the cause you are not to refer to or discuss any matter or issue not in evidence before you." The latter portion of appellant's requested charge thus was duplicative of the language contained in the charge submitted to the jury.

Appellant contends that his requested instruction was necessary to prevent the jury from considering what he characterizes as the victim's "extreme emotional reaction" to her encounter with appellant in the Walgreens and to her memories of the previous robbery. However, appellant's requested instruction did not identify the victim's testimony concerning the prior robbery and instead, vaguely requested that the jury not consider sympathy, bias, or prejudice in their deliberations. Further, even if appellant's requested instruction had been included in the court's charge, it would not have prevented the jury from considering the victim's testimony concerning her previous experience as a robbery victim.

Finally, appellant did not object to the victim's testimony regarding her previous experience, nor did he request a limiting instruction at the time the evidence was admitted. As a result, the evidence was admitted for all purposes and appellant was not

---

[3] Both appellant and the State note that at the outset of trial, the trial court orally instructed the jury not to be "influenced in any way by sympathy, personal feelings, or prejudice against the State or the Defense. Each is entitled to a fair and impartial consideration of the evidence that was brought here in court."

subsequently entitled to a jury instruction limiting the jury's consideration of that evidence. *Hammock v. State,* 46 S.W.3d 889, 895 (Tex.Crim.App. 2001). The trial court did not err by refusing appellant's requested instruction. We overrule his last point of error.

Having overruled appellant's points of error, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.