**Felicia Renia ECTOR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–147–CR.**

Court of Appeals of Texas,
Fort Worth.

May 19, 1982.

Discretionary Review Refused
Sept. 15, 1982.

Barry G. Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Wessley Ball, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of aggravated robbery. The jury assessed punishment at twenty-five years confinement in the Texas Department of Corrections.

We affirm.

On March 17, 1980, appellant, Felicia Renia Ector, accompanied by Linda Woodard and her small child, entered a Fort Worth clothing store, The Tall Shop. The owner of the store, Velma Estes, was the only one present in the store at that time. Appellant and Woodard separated and roamed about the store. Suspicious that Woodard was trying to shoplift, Mrs. Estes directed her attention toward the front of the store where Woodard was looking at robes. Out of the corner of her eye, Mrs. Estes noticed appellant running at her from behind with her hand drawn back. Upon reaching Mrs. Estes, appellant brutally stabbed her with a butcher knife. With the knife lodged deep in her back, Mrs. Estes staggered toward the door of the shop. Pausing momentarily at the door, Mrs. Estes turned to determine the whereabouts of her assailant. She observed appellant and Woodard trying unsuccessfully to open the cash register. Their attempts to get the money having failed, the pair fled from the store. Both were subsequently arrested and charged with aggravated robbery.

By her sole ground of error, appellant contends that the evidence is insufficient to support her conviction under the charge submitted to the jury. We disagree.

The State prosecuted appellant under the first count of a three-count indictment, which alleged that appellant:

[O]n or about the 17th day of March 1980, did THEN AND THERE INTENTIONALLY AND KNOWINGLY, WHILE IN THE COURSE OF COMMITTING THEFT OF PROPERTY AND WITH INTENT TO OBTAIN AND MAINTAIN CONTROL OF SAID PROPERTY, *THREATEN AND PLACE VELMA ESTES IN FEAR OF IMMINENT BODILY INJURY AND DEATH*, AND THE DEFENDANT DID THEN AND THERE USE AND EXHIBIT A DEADLY WEAPON, TO–WIT: A KNIFE

THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY. [Emphasis ours.]

Pursuant to the chosen theory of the State's prosecution, the following charge was submitted to the jury, prior to its deliberation as to appellant's guilt or innocence:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of March, 1980, in Tarrant County, Texas, the defendant, Felicia Renia Ector, either acting alone or as a party, as that term has been herein defined, did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, *threaten or place Velma Estes in fear of imminent bodily injury or death*, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife that in the manner of its use and intended use was capable of causing death or serious bodily injury, then you will find the defendant guilty of aggravated robbery, as charged in the indictment. [Emphasis added.]

See V.T.C.A., Penal Code § 29.03.

Appellant's conviction is premised upon two independent findings by the jury. First the jury found that appellant, while in the course of committing theft, and with intent to obtain or maintain control of another's property, did threaten or place Velma Estes in fear of imminent bodily injury or death. See V.T.C.A., Penal Code § 29.02(a)(2). The second finding made by the jury was that appellant used or exhibited a deadly weapon, to-wit: a knife. Appellant concedes that the evidence is sufficient as to the latter finding. However, she strenuously argues that the evidence is insufficient to support the threshold finding of robbery under the State's theory of prosecution, i.e. by threatening or placing Velma Estes in fear of imminent bodily injury or death.

Mrs. Estes testified at trial on direct examination to the following:

Q. What if anything happened when you turned your back to the Defendant Ector in order to watch the Defendant Woodard?

A. Well, I thought she was going into the fitting room because she said she wanted to try the pants on. So I turned my back, and the fitting room was behind my back. And out of the corner of my eye I saw her coming at me and she was running, and I mean she was running hard and she had her hand back like that—

.    .    .    .    .

Q. Where did she hit you?

A. In my back.

.    .    .    .    .

Q. All right. After she hit you in the back, what did you do?

A. Well, I screamed. And the butcher knife went so deep—well, *I did like this because I thought she was going to hit me again.* And the butcher knife went so deep that it kind of numbed me. I knew—it was just a sting, and I did like that and the butcher knife was in my back.

.    .    .    .    .

Q. What if anything—did you see what the Defendant Woodard did at that time?

A. No, because I started toward the door. And it was all I could do to stand up, I was staggering. And I thought I was going to fall. *I didn't want to fall for fear that she'd stab me again.* And as I got to my door—there is a bar across the door—I held to that bar, couldn't hardly stand up, and *looked back to see if they were coming.* [Emphasis added.]

We find the foregoing testimony sufficient to support the jury's findings that appellant threatened Mrs. Estes or placed her in fear of imminent bodily injury or death. "In reviewing the sufficiency of the evidence, the reviewing court ascertains only where there is any evidence which, if

believed, shows the guilt of the accused."
*Banks v. State*, 503 S.W.2d 582, 585 (Tex.Cr.
App.1974). Moreover, it is of no conse-
quence that no verbal threat was made by
appellant to Mrs. Estes. Threats can be
communicated by acts as well as words.
*Most v. State*, 386 S.W.2d 537 (Tex.Cr.App.
1965). Sufficient evidence was before the
jury to support its verdict under the charge
given. Appellant's ground of error is over-
ruled.

The judgment of the trial court is af-
firmed.