Donald WELCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–510–CR.

Court of Appeals of Texas, Austin.

July 6, 1994.

Vickie Prehoditch, Austin, for appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of robbery and the district court assessed punishment at imprisonment for eighteen years. Tex.Penal Code Ann. § 29.02(a)(2) (West 1989). In his only point of error, appellant contends the evidence is legally insufficient to support the jury's verdict. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App.1991); Griffin v. State, 614 S.W.2d 155 (Tex.Crim.App.1981). Specifically, appellant contends the evidence does not support the finding that he intentionally or knowingly threatened or placed the complainant in fear of imminent bodily injury or death.

Rebecca Neiding was head teller at an Austin bank. On the afternoon in question, appellant entered the bank and approached Neiding's window. Appellant was wearing coveralls over his regular clothing and was behaving in what Neiding regarded as a suspicious manner. Appellant gave Neiding a note reading, "Put all the money in the bag now." Neiding testified, "I was very scared. He stood there and as I was reading the note, he stuck his hand back in his pocket. And at that point, I thought he was going to pull a gun, but he pulled out a brown paper bag instead and he shoved the bag—paper bag in front of me and I put all my money in it that I could, just to get him out." Neiding continued, "I feared for my life. I feared that he had a gun and that if I didn't do what he wanted, it would jeopardize everyone else and myself and the bank."

During cross-examination, Neiding conceded that except for shoving the paper bag toward her, appellant made no aggressive or threatening gesture toward her or anyone else in the bank. Appellant did not orally threaten Neiding, curse her, or raise his voice. Neiding never saw a weapon in appellant's possession, and appellant was unarmed when he was arrested later that afternoon.

A customer who entered the bank while appellant was standing at Neiding's window testified that she realized something unusual was happening because Neiding's "face was terrified." Another teller at the bank testified that Neiding "looked shaken" by the incident.

■ A conviction for robbery under section 29.02(a)(2) requires proof of actual or threatened violence to the victim, or intimidation of such a nature that the victim was put in fear. Green v. State, 567 S.W.2d 211, 213 (Tex.Crim.App.1978); Wilmeth v. State, 808 S.W.2d 703, 705 (Tex.App.—Tyler 1991, no pet.). The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will. Green, 567 S.W.2d at 213; Wilmeth, 808 S.W.2d at 705. The victim's fear may not arise merely from some temperamental timidity, but must result from some conduct of the perpetrator. Devine v. State, 786 S.W.2d 268 (Tex.Crim.App.1989). In short, an objective standard of review is employed to determine whether the evidence is legally sufficient to support a conviction under section 29.02(a)(2). The appellate court must ask if the words and conduct of the accused were sufficient to place a reasonable person in the victim's circumstances in fear of imminent bodily injury or death.

Both appellant and the State cite the opinion in Cranford v. State, 377 S.W.2d 957 (Tex.Crim.App.1964). In Cranford, a prosecution under the former penal code, the defendant walked up to the cashier at a grocery store and handed her a note reading, "Give me your money." The cashier asked the defendant, "Are you kidding?" The defendant said he was not and pulled back his coat, which the cashier interpreted as reaching for a gun. In fact, there was no evidence that the defendant was armed. The cashier testified that she gave money to the defendant because she was in fear of her life. The Court of Criminal Appeals held that the defendant's conduct was sufficient to justify

this fear and affirmed the conviction. 377 S.W.2d at 959.

 *Cranford* demonstrates that it is not necessary that the alleged robber display a weapon or make an express threat in order to support a finding that the victim was threatened or placed in fear. *See also Davis v. State,* 796 S.W.2d 813, 816 (Tex.App.—Dallas 1990, pet. ref'd) (victim need not see a weapon for jury to conclude that assailant communicated a threat); *Ector v. State,* 634 S.W.2d 69, 71 (Tex.App.—Fort Worth 1982, pet. ref'd) (verbal threat not required). Appellant seeks to distinguish this cause from *Cranford* by arguing that he engaged in no conduct calculated to cause Neiding to believe that he possessed a weapon. Neiding testified, however, that she found appellant's actions to be threatening, that she believed appellant was armed, and that she was in fear of imminent bodily injury or death. The question presented is whether Neiding's fear was reasonable under the circumstances.

The State also relies on *Williams v. State,* 827 S.W.2d 614 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd), a prosecution under section 29.02(a)(2). The defendant, who appeared to be intoxicated, approached the manager of a convenience store as he was counting the money in his register and said, "We are going to do it like this; give me all the money, put the money in the towel; and I'm serious." The defendant was leaning toward the manager as he said this, with his face close to the other man's. The manager reached behind him in an effort to grab a metal pipe and asked the defendant if he were sure about what he was saying. The defendant repeated his demand, then seized the cash and ran. The manager testified that he was afraid the defendant would cause him bodily injury and had reached for the pipe to defend himself. Although the defendant did not display a weapon or make an express threat, the court found the evidence sufficient to sustain a finding that the defendant's words and actions placed the complainant in fear of imminent harm. 827 S.W.2d at 617.

We believe that the cause before us is analogous to *Cranford* and *Williams.* Neiding testified that she believed appellant was

armed and would kill or injure her if she did not give him the money he demanded. Although there was no evidence appellant was armed and appellant did not expressly threaten Neiding, a rational trier of fact could conclude beyond a reasonable doubt that appellant's demand for money and his generally aggressive manner were sufficient to place a reasonable person in Neiding's circumstances in fear of imminent death or bodily injury. The sufficiency of the evidence with regard to the other elements of the offense is uncontested. The point of error is overruled.

The judgment of conviction is affirmed.