In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00038-CR


______________________________




SAMMY KIZZEE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 204th Judicial District Court


Dallas County, Texas


Trial Court No. F-0173471-SQ




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Sammy Kizzee (also known as Eddie Walker) appeals his conviction for the January 21,
2001, robbery of a Dallas motel. (Kizzee has also appealed his convictions for two other robberies;
the merits of those appeals are addressed by separate opinions in appellate cause numbers 06-02-00035-CR and 06-02-00039-CR.) (1) At the punishment trial in the case at bar, the jury found the
enhancement allegations contained in the indictment to be true and assessed punishment at thirty-five
years' imprisonment. On appeal, Kizzee contends the evidence is legally insufficient to support his
conviction and the trial court erred by denying his requested jury charge on the reasonableness of the
victim's fear. For the reasons set forth below, we affirm the trial court's judgment.

I. Factual Background.

 The facts of the January 21, 2001, robbery of the Super 8 Motel have been set forth in our
opinion in Kizzee v. State, No. 06-02-00035-CR. We adopt and incorporate part I of that opinion
as the relevant factual background for our decision in this case. 




II. Legal Sufficiency.

A. Standard of Review

 In reviewing the legal sufficiency of the evidence, we examine all the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995); Enlow v. State, 46 S.W.3d
340, 343 (Tex. App.-Texarkana 2001, pet. ref'd), cert. denied, ___ U.S. ___, 122 S. Ct. 2675 (2002). 

B. Analysis

 Kizzee contends the evidence is legally insufficient to support his robbery conviction for the
January 21 incident because the complainant, Varsha Khatri, did not testify to anything Kizzee did
on January 21, other than coming behind the motel's check-in counter, to cause her to be in fear of
imminent bodily injury. 

 A person commits the offense of robbery if, in the course of committing theft, he or she
"intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." 
Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 1994). The alleged robber does not have to display a
weapon or make an express threat for the fact-finder to rule the victim was threatened or placed in
fear of imminent bodily injury. Welch v. State, 880 S.W.2d 225, 227 (Tex. App.-Austin 1994, no
pet.) (citing Cranford v. State, 377 S.W.2d 957 (Tex. Crim. App. 1964); Davis v. State, 796 S.W.2d
813, 816 (Tex. App.-Dallas 1990, pet. ref'd); Ector v. State, 634 S.W.2d 69, 71 (Tex. App.-Fort
Worth 1982, pet. ref'd)). In analyzing the evidentiary sufficiency of a robbery conviction, the
appellate court employs an objective standard of review to determine whether "the words and
conduct of the accused were sufficient to place a reasonable person in the victim's circumstances in
fear of imminent bodily injury or death." Welch, 880 S.W.2d at 226. Additionally, under the "placed
in fear" language of Section 29.02 of the Texas Penal Code, the trier of fact may reasonably conclude
that the victim perceived fear or was "placed in fear" under circumstances where the defendant made
no actual threats. Tex. Pen. Code Ann. § 29.02 (Vernon 1994); Williams v. State, 827 S.W.2d 614,
616 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd).

 A reasonable person placed in Khatri's circumstances on January 21 would have known the
following: Kizzee had robbed Khatri on January 17 (four days earlier), Kizzee had threatened to
cause Khatri imminent bodily injury or death by shooting her with a gun on January 17, Kizzee wore
the same clothing on January 21 as he had worn during the robbery on January 17, and Kizzee
entered the motel on January 21 through a back door and then proceeded into the employee-only area
behind the front check-in counter. 

 Khatri testified at trial she was scared during the January 21 robbery because she had already
been robbed once and when Kizzee reappeared, he was wearing the same clothing and came behind
the front check-in counter. Khatri had been threatened with bodily injury during the prior robbery,
and, therefore, she presumed Kizzee was armed and dangerous when he returned on January 21. 
Although there is no evidence Kizzee expressly threatened Khatri, given the circumstances of the
January 21 events and Khatri's experiences on January 17, a reasonable person placed in Khatri's
circumstances could have reasonably feared imminent bodily injury. See Welch, 880 S.W.2d at 227. 
Therefore, we overrule Kizzee's first point of error.

III. Jury Charge on the Reasonableness of the Victim's Fear.

 In his second point of error, Kizzee contends the trial court erred by denying his proposed
jury instruction that created a standard for the jury to use in evaluating whether the victim's fear was
reasonable. The requested instruction is based on Welch, in which the Third Court of Appeals held
that, for purposes of reviewing factual sufficiency of a robbery conviction on appeal, the evidence
of the victim's fear "must be of such a nature as in reason and common experience is likely to induce
a person to part with his property against his will. The victim's fear may not arise merely from some
temperamental timidity, but must result from some conduct of the perpetrator." Id. at 226.

 This issue was raised by Kizzee in a companion appeal in cause number 06-02-00035-CR. 
The brief on the issue presented here is identical to the brief and arguments Kizzee presents on the
same issue in 06-02-00035-CR. Accordingly, for the reasons stated in Kizzee v. State, No. 06-02-00035-CR, we find the trial court did not err by denying Kizzee's request for a jury charge on the
reasonableness of the victim's fear.





 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: January 17, 2003

Date Decided: February 11, 2003


Do Not Publish
1. In Cause Number 06-02-00035-CR, the defendant's name is listed as Sammy Kizzee, a/k/a
Eddie Walker in the indictment and as Sammy Kizzee in the judgment. In Cause Number 06-02-00038-CR, it is listed as Eddie Walker in the indictment and as Eddie Walker Sammy Lee Kizzee
in the judgment. In Cause Number 06-02-00039-CR, it is listed as Sammy Lee Kizzee Jr. in the
indictment and in the judgment. We will refer to him as Sammy Kizzee.