TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00039-CR




Thomas Thompson, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 9044136, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Thomas Thompson guilty of four counts of robbery and
assessed punishment for each count, enhanced by previous felony convictions, at twenty-five years’
imprisonment. See Tex. Pen. Code Ann. § 29.02 (West 2003). In a single point of error, Thompson
contends that the evidence is legally insufficient to sustain his conviction on one of the four counts. 
Finding no merit to this contention, we will affirm the judgments of conviction.
Thompson committed a series of robberies at Austin banks during a two-week period
in February 2004. One of these robberies was alleged as count four in the indictment. By this count,
Thompson was accused of intentionally and knowingly threatening and placing Latoya Stevens in
fear of imminent bodily injury and death while in the course of committing theft. Thompson argues
that the State failed to prove that it was Stevens who was threatened or placed in fear during this
robbery.
Chantel Solomon and Latoya Stevens were working as tellers at the Bank One branch
on Guadalupe Street on the day in question. Solomon testified that Thompson walked up to her
station and said, “Give me all the twenties and hundreds.” He had a note, but the only word she
noticed on the note was “gun.” Solomon said that Thompson then “walked up to the next teller
[Stevens] and told her the same thing. She didn’t respond. He came back over to me.” Solomon
testified that Thompson “looked at both of us and said, ‘There are people outside with guns.’”
Solomon gave Thompson money and he walked out of the bank.
Stevens was standing at her station about five feet from Solomon when Thompson
entered the bank. Stevens testified that she heard Thompson demand money from Solomon and
noticed the note, although she could not read it. When she saw Solomon “freeze up,” Stevens
pushed her security button. Stevens said that Thompson “walked back and forth from her window
to mine, but he never asked me for anything.” Stevens heard Thompson say, “I have a gun. I have
some friends outside waiting for me,” and “Don’t push that button.”
Thompson argues that the evidence shows that it was Solomon, and not Stevens, who
was threatened and placed in fear during the robbery. But in a legal sufficiency review, we must
view the evidence in the light most favorable to the jury’s verdict. Jackson v. Virginia, 443 U.S.
307, 318-19 (1979) (legal sufficiency standard of review); Griffin v. State, 614 S.W.2d 155, 158-59
(Tex. Crim. App. 1981) (same). Looking at the testimony in that light, we believe that a rational trier
of fact could find beyond a reasonable doubt that Thompson, by his behavior and his statements
within the hearing of both tellers, intentionally or knowingly threatened both Solomon and Stevens
with imminent bodily injury or death. The jury could also reasonably find that by his words and
conduct, Thompson intentionally or knowingly placed both tellers in fear of imminent bodily injury
or death. See Welch v. State, 880 S.W.2d 225, 227 (Tex. App.—Austin 1994, no pet.).
We overrule the point of error and affirm the judgments of conviction.
 
 
                                                __________________________________________
                                                Bea Ann Smith, Justice
Before Justices B. A. Smith, Patterson and Puryear
Affirmed
Filed: June 1, 2006
Do Not Publish