# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00039-CR

**Thomas Thompson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 9044136, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Thomas Thompson guilty of four counts of robbery and assessed punishment for each count, enhanced by previous felony convictions, at twenty-five years' imprisonment. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). In a single point of error, Thompson contends that the evidence is legally insufficient to sustain his conviction on one of the four counts. Finding no merit to this contention, we will affirm the judgments of conviction.

Thompson committed a series of robberies at Austin banks during a two-week period in February 2004. One of these robberies was alleged as count four in the indictment. By this count, Thompson was accused of intentionally and knowingly threatening and placing Latoya Stevens in fear of imminent bodily injury and death while in the course of committing theft. Thompson argues that the State failed to prove that it was Stevens who was threatened or placed in fear during this robbery.

Chantel Solomon and Latoya Stevens were working as tellers at the Bank One branch on Guadalupe Street on the day in question. Solomon testified that Thompson walked up to her station and said, "Give me all the twenties and hundreds." He had a note, but the only word she noticed on the note was "gun." Solomon said that Thompson then "walked up to the next teller [Stevens] and told her the same thing. She didn't respond. He came back over to me." Solomon testified that Thompson "looked at both of us and said, 'There are people outside with guns.'" Solomon gave Thompson money and he walked out of the bank.

Stevens was standing at her station about five feet from Solomon when Thompson entered the bank. Stevens testified that she heard Thompson demand money from Solomon and noticed the note, although she could not read it. When she saw Solomon "freeze up," Stevens pushed her security button. Stevens said that Thompson "walked back and forth from her window to mine, but he never asked me for anything." Stevens heard Thompson say, "I have a gun. I have some friends outside waiting for me," and "Don't push that button."

Thompson argues that the evidence shows that it was Solomon, and not Stevens, who was threatened and placed in fear during the robbery. But in a legal sufficiency review, we must view the evidence in the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (legal sufficiency standard of review); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same). Looking at the testimony in that light, we believe that a rational trier of fact could find beyond a reasonable doubt that Thompson, by his behavior and his statements within the hearing of both tellers, intentionally or knowingly threatened both Solomon and Stevens with imminent bodily injury or death. The jury could also reasonably find that by his words and

2

conduct, Thompson intentionally or knowingly placed both tellers in fear of imminent bodily injury or death. *See Welch v. State*, 880 S.W.2d 225, 227 (Tex. App.—Austin 1994, no pet.).

We overrule the point of error and affirm the judgments of conviction.


_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   June 1, 2006

Do Not Publish

3