MEMORANDUM OPINION

No. 04-06-00033-CR

Gerardo MORALEZ,

Appellant

v.

The STATE of Texas ,

Appellee

From the 226th District Court, Bexar County, Texas

Trial Court No. 2005-CR-1230

Honorable Fred Shannon , Judge Presiding




Opinion by: Alma L. López , Chief Justice



Sitting: Alma L. López , Chief Justice

 Catherine Stone , Justice

 Karen Angelini , Justice



Delivered and Filed: November 1, 2006 



AFFIRMED

 After a bench trial, the trial court convicted Gerardo Moralez of robbery and sentenced him to five years' imprisonment. 
On appeal, Moralez argues that the evidence is legally and factually insufficient to support his robbery conviction. We
affirm the trial court's judgment.





BACKGROUND

At approximately 10 p.m. on October 20, 2004, Gloria White and another employee were working at the Base Food Mart
near the Lackland Air Force Base in San Antonio when Moralez walked into the store. White noticed that Moralez was
young and that he was staring at the beer. Because White and her co-worker were aware that the store had been victimized
several times by young people taking beer and running out of the store without paying, White and her co-worker had a
system in which White's co-worker would wink at White to signal to White that a customer was acting suspiciously and that
White should go stand in front of the exit. As Moralez stood looking at the beer, White's co-worker winked at her, and
White picked up a broom, moved in front of the door, and pretended to sweep. Moralez grabbed a pack of beer, told the
only other customer in the store to go ahead of him in line, and then set the beer on the floor. White became more
suspicious of him, so she moved a newspaper stand in front of the door and continued sweeping. White then saw Moralez
take several pieces of beef jerky, pick up the beer, and attempt to walk out the door without paying. White took the broom
and put it between the newspaper stand and a lottery machine in an attempt to prevent Moralez from leaving the store. At
the same time, White's co-worker called out to Moralez that he had to pay before leaving. Moralez walked faster and hit his
chest on the broom. He became angry, grabbed the broom, and threw it toward White, causing her to move out of the way. 
He cursed at her and called her and her co-worker derogatory names. 

As Moralez went out the door and into the parking lot, White followed him to his car, told him that she would get his
license plate number, and then stood behind the car to block his escape. Moralez cursed at her and said "I'll come back, and
I'll kill you." He then started his car and reversed toward her, causing her to jump out of the way of the car. As he began
driving, White chased after him until his car stalled. White told him to leave the beer, and he again cursed at her, called her
a derogatory name, and said, "I will come back." He drove away, and White ran back inside the store. Her co-worker called
the police, and White gave a description of the car and the license plate number. White testified that she and her co-worker
were scared and shaking and that she was afraid that Moralez "could come back in an hour or two hours." Once a police
officer arrived, they told him that they were scared that Moralez would come back. The officer told them to close the store
for the night, which they did. A series of still photos from video cameras at the store were introduced at trial. The photos
showed Moralez in the store, White at the door of the store, the newspaper stand in front of the door, and the car Moralez
was driving. After a bench trial, the trial court found Moralez guilty of robbery. 

 DISCUSSION

Moralez contends that the evidence is legally and factually insufficient to support his robbery conviction. In reviewing the
legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000). When reviewing the factual
sufficiency of the evidence, we view all the evidence in a neutral light, favoring neither party. See Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). The only question to be answered is whether, considering the evidence in a
neutral light, the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. Id. at 484. We will set the
verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust or if the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. Robertson v. State, 175
S.W.3d 359, 362 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd). In a factual sufficiency review, we give deference to the
trier of fact's determinations, including determinations involving the credibility and demeanor of the witnesses. Zuniga, 144
S.W.3d at 481. We may not substitute our judgment for that of the trier of fact. Id. at 482. 

A person commits a robbery if, in the course of committing theft and with intent to obtain or maintain control of the
property, he or she intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex.
Pen. Code Ann. § 29.02 (Vernon 2003). When a robbery is carried out by threats or placing another in fear of bodily injury
or death, the fear must be of such nature as in reason and common experience is likely to induce people to part with their
property against their will. Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). The threat or conduct placing
the victim in fear must be of imminent bodily injury. Id. at 270. The fear must arise from the conduct of the accused rather
than the mere temperamental timidity of the victim. Id. at 271. Thus, in determining the sufficiency of the evidence, we
must use an objective standard of review. Welch v. State, 880 S.W.2d 225, 226 (Tex. App.-Austin 1994, no writ). We
must ask whether the words and conduct of the accused were sufficient to place a reasonable person in the victim's
circumstances in fear of imminent bodily injury or death. Hayden v. State, 155 S.W.3d 640, 643 (Tex. App.-Eastland 2005,
pet. ref'd); Welch, 880 S.W.2d at 226. 

 Moralez first contends that the evidence is legally and factually insufficient to establish that Moralez threatened or placed
White in fear of imminent bodily injury or death. We find that the combination of Moralez's violent actions and his
threatening, abusive language was sufficient to place a reasonable person in fear of imminent bodily injury or death. White
testified that when she tried to use a broom to block Moralez's exit, he ran into the broom, grabbed it, and threw it at her
head, forcing her to move out of the way to avoid being hit. At the same time, Moralez appeared angry, cursed at White,
and called her and her co-worker derogatory names. White also testified that when she followed Moralez to his car, he
continued cursing at her and told her that he was going to come back and kill her. When White stood behind the car to
block his escape, he reversed the car toward her, once again forcing her to move out of the way to avoid being hit. 

 Moralez argues that White's actions show that White did not fear imminent harm. However, White's conduct in pursuing
Moralez and attempting to prevent his escape does not necessarily show that she was not afraid. She testified that she was
scared when Moralez threatened to return to kill her and that she was scared and shaking when Moralez left the scene. 
Furthermore, because we use an objective standard in determining whether there was sufficient evidence to establish that
Moralez placed his victim in fear of imminent harm, we look not at the conduct of White but rather at the words and
conduct of Moralez to determine if they were sufficient to place a reasonable person in fear of imminent harm. Using this
standard, we find that Moralez's abusive language and violent conduct were sufficient to place a reasonable person in
White's circumstances in fear of imminent bodily injury or death. 

 Moralez cites Devine in arguing that because his threats were only of future harm, they were not sufficient to establish that
he placed White in fear of imminent bodily injury or death. However, this case is distinguishable from Devine because
Moralez's threats that he would kill White were made at the time of the theft, and they were combined with abusive
language and violent conduct directed at White. Not only did Moralez threaten to return to kill White, he also threw a
broom toward her head, cursed at her, called her a derogatory name, and reversed his car toward her. Courts have held that
similar or less severe conduct was sufficient to place a reasonable person in fear of imminent bodily injury. Hayden, 155
S.W.3d 640; Wilmeth v. State, 808 S.W.2d 703 (Tex. App.-Tyler 1991, no writ). 

 Moralez also contends that the evidence is legally insufficient to establish that he threatened or placed White in fear of
bodily injury or death "with intent to obtain or maintain control of the property" as required by the robbery statute. See Tex.
Pen. Code Ann. § 29.02 (Vernon 2003). However, the evidence shows that each of Moralez's threats and violent acts came
after White attempted to prevent his escape. Moralez threw a broom toward White, cursed at her, and called her a
derogatory name only after she attempted to block his exit from the store. Similarly, Moralez reversed his car toward White
and threatened to come back to kill her only after she attempted to block his escape by standing behind his car. Thus, we
hold that the evidence is legally sufficient to establish that Moralez's actions placing White in fear of imminent bodily injury
or death were made with the intent to maintain control of the stolen property. 

CONCLUSION

 The judgment of the trial court is affirmed. 



 Alma L. López, Chief Justice 

Do Not Publish