**Affirmed; Opinion Filed June 10, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00820-CR

### CESAR ARMIJO, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80654-2014**

# MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Stoddart

A jury convicted Cesar Armijo, Jr. of robbery and the trial court sentenced him to seven years' incarceration. In four issues, appellant argues: (1) the evidence is insufficient to support his conviction; (2) the trial court erred by overruling his objection to hearsay testimony; (3) the trial court erred by denying his request for a lesser-included offense charge; and (4) the trial court erred by overruling his objection to the State's closing argument that was outside of the record. We affirm the trial court's judgment.

FACTUAL BACKGROUND

On January 4, 2014, appellant, along with a woman and two children, entered a Walmart store. Appellant and the two children were wearing hoodies. After entering the store, appellant

and the woman separated. The woman placed a "surround sound" in her cart. Appellant then approached and placed a plastic Walmart bag containing DVDs into the cart.

Using the side aisles of the store, rather than the main aisles, the four people walked out the front doors of the Walmart with the cart containing the merchandise. They did not stop at a point of sale to pay for the merchandise. Appellant was pushing the cart.

A Walmart employee responsible for asset protection, David Baldwin, followed them in the store and as they exited the Walmart. In the parking lot, Baldwin approached appellant and attempted to get his attention, but appellant ignored Baldwin. When Baldwin stood in front of appellant, appellant spoke to Baldwin, saying: "Get the fuck away from me. Back up. Get the fuck away from me homeboy." Baldwin neither identified himself as a Walmart employee nor wore clothing indicating he worked for Walmart.

Baldwin testified that appellant had a Taser inside of the pocket of his hoodie. Appellant's hand was inside the pocket of his hoodie and Baldwin could see sparks lighting up through the fabric. He heard a sound "like a crackle, like a hiss crackle." On cross-examination, Baldwin admitted he did not see a Taser, but, based on his prior experience, he recognized the light and sound of a Taser. Another Walmart employee who was outside also heard a noise that sounded like a lighter, but he did not see the light. When a detective reviewed video surveillance from the parking lot, he did not see a Taser, and no Taser was recovered. The State showed portions of the Walmart surveillance videos to the jury.

Based on appellant's statements and his belief that appellant had a Taser, Baldwin backed away because he felt threatened and believed appellant might cause bodily injury to him. The four people got into the car and drove away, but left the items in the cart. Baldwin noted the make and model of the car and its license plate number.

Baldwin gave a physical description of the male suspect to the police. He said the man was Hispanic, about five feet six inches tall, and 140-150 pounds. Appellant is a Hispanic male, five feet eight inches tall, and 160 pounds.

Baldwin took the merchandise from the cart to a cash register inside of the store and scanned the items to determine their pre-tax value. The receipt he created, which showed a value of $573.61, was admitted into evidence. The receipt includes items in addition to the sound system and DVDs. Baldwin did not review the Walmart computer system to determine whether the DVDs in the Walmart bag were purchased before appellant put them into the cart.

Scott Epperson, a detective with the Plano Police Department, received the license plate number of the vehicle. Records showed the license plate belonged to a woman named Kayla Herrera. Epperson spoke to Herrera who told Epperson that her daughter is married to "Cesar Aramejo." Based on this information, Epperson obtained a photograph of appellant for inclusion in a photo lineup.

A few weeks after the robbery, the Plano Police Department contacted Baldwin who went to the department to view a photo lineup. The Plano Police Department uses the "double-blind procedure" for administering photo lineups wherein an officer who is not connected to the case presents the photo lineup to a witness such as Baldwin. Baldwin looked at the pictures in the lineup twice in one sitting: the first time he did not select a picture, but he identified appellant's picture the second time he viewed the lineup. Baldwin identified appellant based on the "facial structure, facial detail." The jury saw a video of Baldwin viewing the photo lineup. In court, Baldwin identified appellant as the person who robbed the Walmart.

LAW & ANALYSIS

A.    **Sufficiency of the Evidence**

In his first issue, appellant challenges the sufficiency of the evidence to support his conviction. Specifically, he argues the evidence is insufficient to show he had a weapon and he is the person who committed the robbery.

When reviewing the sufficiency of the evidence to support a conviction, an appellate court applies *Jackson v. Virginia*, 443 U.S. 307 (1979) and considers all the evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). It is the "responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hulme v. State*, No. 05–15–00817–CR, 2016 WL 1403184, at *1 (Tex. App.—Dallas April 7, 2016, no pet.) (quoting *Jackson*, 443 U.S. at 318–19)).

Appellant initially complains there is insufficient evidence showing he had a weapon that threatened Baldwin. Appellant argues that although Baldwin testified he saw a light and heard a sound consistent with a Taser, Baldwin acknowledged he did not see a Taser and no Taser was recovered. Further, the video surveillance did not show a spark from a Taser.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). This statute, written in the disjunctive, covers both a situation in which the defendant actually threatens the victim and a situation in which the defendant implicitly threatens the victim and places the victim in fear. *See Howard v. State*, 333 S.W.3d 137, 138–39 (Tex. Crim. App. 2011); *Ross v. State*, 02-11-00163-CR, 2012 WL 3599948, at *2 (Tex. App.—Fort Worth Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication). Section 29.02(a)(2) "encompasses not just explicit threats, but whatever implicit threats may lead to the victim being placed in fear.

–4–

So long as the defendant's actions are of such nature as in reason and common experience is likely to induce a person to part with his property against his will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense." *Howard*, 333 S.W.3d at 138 (internal footnotes and quotations omitted). Section 29.02(a)(2) does not require "that the alleged robber display a weapon or make an express threat in order to support a finding that the victim was threatened or placed in fear." *Loville v. State*, 14-12-00297-CR, 2013 WL 1867077, at *4 (Tex. App.—Houston [14th Dist.] May 2, 2013, pet. ref'd) (mem. op., not designated for publication) (quoting *Welch v. State*, 880 S.W.2d 225, 227 (Tex. App.—Austin 1994, no pet.)).

Based on the record before us, the jury reasonably could have concluded appellant threatened Baldwin and placed him in fear of imminent bodily injury. Appellant's words to Baldwin—"Get the fuck away from me. Back up. Get the fuck away from me homeboy"— coupled with appellant's hands being in the pocket of his hoodie and the sparks and noises coming from the pocket are sufficient to support the jury's conclusion that Baldwin faced an actual or perceived threat of imminent bodily injury. The evidence also shows Baldwin believed appellant had a Taser based on his prior experience and Baldwin backed away from appellant because he felt threatened that appellant might cause bodily injury to him.

Appellant also argues the evidence is insufficient to identify him as the person who committed the robbery because the police did not obtain fingerprint or DNA evidence from the merchandise. Further, appellant asserts that Baldwin's failure to identify appellant the first time he saw the photo lineup shows that the officer administering the lineup influenced Baldwin to choose appellant's photo the second time he viewed the photos. We disagree.

Baldwin identified appellant as the person who stole the merchandise both in the photo lineup and at trial. Although Baldwin looked through the photo lineup twice, this fact does not show he was influenced to choose a specific photo. The lineup was double blind and so the

–5–

officer administering the lineup to Baldwin did not know who the suspect was. Appellant's physical characteristics are similar to the description that Baldwin gave to the police immediately after the incident and appellant is married to the daughter of the woman who owns the car driven away from the Walmart. Considering the evidence in the record in the light most favorable to the court's judgment, we conclude that a rational trier of fact could have found that appellant was the perpetrator beyond a reasonable doubt. We overrule Baldwin's first issue.

## B. Hearsay Objection

In his second issue, appellant argues the trial court erred by overruling his objection to the State eliciting hearsay testimony to prove the identity of the suspect who drove the vehicle. We generally review the trial court's admission of evidence under an abuse of discretion standard. *Villanueva v. State*, 05-14-01396-CR, 2016 WL 2609686, at *5 (Tex. App.—Dallas May 4, 2016, no. pet. h.) (mem. op., not designated for publication) (citing *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011)). The trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *Id*. (citing *Tillman*, 354 S.W.3d at 435).

Epperson testified he spoke to Kayla Herrera who was the registered owner of the car with the license plate number provided by Baldwin. When Epperson spoke to Herrera, he learned her daughter is married. When the State asked Epperson "And what was the name [Herrera] gave you of the husband?" appellant's counsel objected on hearsay grounds. After overruling the objection, the trial court explained to the jury that "because it's not being offered for the truth of the matter asserted, it is not hearsay, but you're not allowed to consider it for the truth of the matter." The State re-asked its question and Epperson responded the name was "Cesar Aramejo." Based on his conversation with Herrera and the description of the suspect from the offense report, Epperson identified appellant as a potential suspect. Epperson obtained a photograph of appellant and included the photograph in the photo lineup.

Hearsay is a statement, other than one made by the declarant while testifying at trial, that a party offers to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A statement that is not offered to prove the truth of the matter asserted, but rather is offered for some other reason, does not constitute hearsay. *Gardner v. State*, 05-14-01063-CR, 2015 WL 6784270, at *2 (Tex. App.—Dallas Nov. 6, 2015, no pet.) (mem. op., not designated for publication) (citing *Guidry v. State*, 9 S.W.3d 133, 152 (Tex. Crim. App. 1999); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995)). Police officers may testify to explain how an investigation began and how a defendant became a suspect. *Alvarez v. State*, 05-12-01694-CR, 2014 WL 1415116, at *1 (Tex. App.—Dallas Mar. 27, 2014, no pet.) (mem. op., not designated for publication) (citing *Lee v. State*, 29 S.W.3d 570, 577 (Tex. App.—Dallas 2000, no pet.) (detective's testimony his investigation of appellant resulted from interview with third party not hearsay)).

Epperson testified about how appellant became a suspect. The testimony was not offered to prove the truth of the matter asserted—i.e., that Herrera's son-in-law's name is Cesar Aramejo—and did not constitute inadmissible hearsay. *See Alvarez*, 2014 WL 1415116, at *2. We conclude the trial court did not abuse its discretion by overruling appellant's objection and allowing the testimony. We overrule appellant's second issue.

## C.    Lesser-Included Offense

The jury charge included an instruction on the lesser-included offense of theft of property valued more than $500 and less than $1500. In his third issue, appellant argues the trial court erred by refusing his request for a second lesser-included offense instruction on theft of property valued less than $500. Appellant argues the evidence showing the value of the stolen merchandise was from the receipt generated when Baldwin took the merchandise from the shopping cart and scanned it. However, the State did not show the DVDs in the Walmart bag had not been paid for and asserted the receipt included additional items.

The trial court's decision to submit or deny a lesser included offense instruction is reviewed for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). We apply a two-pronged test to determine if the trial court should have given a jury charge on a lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). We first determine if the proof necessary to establish the charged offense includes the lesser offense. *Id.* If it does, we then review the evidence to determine that if appellant is guilty, he is guilty only of the lesser offense. *Id.* at 536.

The second step is a question of fact and is based on the evidence presented at trial. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). This step requires us to determine whether "there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). This evidence must show the lesser included offense is a "valid, rational alternative to the charged offense." *Id.* Moreover, it "is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

If we assume that theft of property valued less than $500 is a lesser-included offense of robbery in this case, we cannot conclude that if appellant is guilty, he is only guilty of that offense. The only evidence showing the value of the stolen merchandise was Baldwin's testimony that the total value of the stolen items was $573.61, and a receipt supporting his testimony. There is no evidence in the record that the value of the stolen merchandise was less than $500. Therefore, we conclude appellant could not have been guilty only of theft of property

valued less than $500 and the trial court did not abuse its discretion by denying his request for the lesser-included offense instruction. We overrule appellant's third issue.

**D.      Objection to State's Argument**

In his fourth issue, appellant argues the trial court erred by overruling his objection to the State's closing argument. The prosecutor began his closing argument by stating: "On January 4th, 2014, the defendant took his family on a shoplifting spree. Just moments after entering - -." Appellant's counsel objected that "there's no evidence on the record that that was his family." The trial court overruled the objection.

We review a trial court's ruling on an objection to improper jury argument for abuse of discretion. *Thomas v. State*, 05-14-01589-CR, 2016 WL 259761, at *6 (Tex. App.—Dallas Jan. 21, 2016, no pet.) (mem. op., not designated for publication) (citing *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004)). Proper jury arguments generally fall within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to opposing counsel's argument, and (4) plea for law enforcement. *Id.* (citing *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011)). When examining challenges to jury argument, we consider the remark in the context in which it appears. *Id.* (citing *Jackson v. State*, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000)). On appeal, the State argues the prosecutor's comments were a reasonable deduction from the evidence. We agree.

Appellant went into the Walmart with a woman and two children. The four people left the Walmart together and drove away in the same car. Based on this evidence, the State could reasonably deduce the woman and children were appellant's "family." We overrule appellant's fourth issue.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
150820F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CESAR ARMIJO, JR., Appellant

No. 05-15-00820-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80654-2014.
Opinion delivered by Justice Stoddart.
Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of June, 2016.