**Affirmed and Opinion Filed December 17, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00063-CR

**TEKLEA GEBREYESUS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1855502-V**

## MEMORANDUM OPINION
Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Teklea Gebreyesus appeals from his conviction for robbery. In one issue, appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm the judgment. Because the issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

Shortly after 1:00 a.m. on July 1, 2018, appellant walked into the Kwik Trip gas station and convenience store located near Greenville Avenue and Park Lane in Dallas County, Texas. Appellant testified that he went to the Kwik Trip with the intent to steal beer from the store.

Justin Hershberger was the night manager at the Kwik Trip on July 1 working the overnight shift from 9:30 p.m. to 7:00 a.m. Hershberger had worked for Kwik Trip for approximately four

months at the time of the robbery, but July 1 was only his second shift at the Greenville Avenue location. He was alone in the store when appellant entered the store. Hershberger testified that he heard a voice and when he saw appellant, he said hello and welcomed appellant to the store. Hershberger testified that appellant made a threat by lifting up his shirt and saying he had a firearm. Appellant then went to the back of the store, grabbed some beer, and started walking out. Hershberger challenged appellant before allowing him to leave the store, something he admitted at trial was not a good idea. He testified, however, that he "was pretty intimidated and I just – I was taught when you're frightened to fight."

Kwik Trip's security system recorded video and audio surveillance footage of the robbery. In the footage, appellant can be seen walking into the store through the front doors. Hershberger says hello, and appellant says something to Hershberger that sounds like motherf***er as he walks in front of the counter and to the back of the store. Appellant then stops walking, turns back to Hershberger and says "I'll show you my pistol." Appellant then lifts his shirt to show his stomach and waistband. He then walks off screen briefly. When appellant comes back on screen, he has a box of beer and walks toward the front door. As he is walking toward the door and toward Hershberger, appellant again says "I'll show you my pistol." Hershberger says "Go ahead. Go ahead. Come on," but the video shows that appellant kept walking with the beer and left the store. Hershberger followed him out the door, yelling "Put the beer down," but appellant did not stop. Hershberger explained at trial that he followed appellant out of the store because he was trying to see where appellant was going so he could get the best description possible.

Hershberger also told the court that he considered appellant's words and actions to be a threat:

> Q. Justin, when the defendant came in and was mouthing something, lifted up his shirt, and said, "I'll show you my pistol," what did you take that to mean?

A. I just -- I took it as an overall threat. That late at night in that area, and I'm by myself and somebody just starts screaming, and I've seen enough to know that when somebody lifts their shirt up like that, it typically means they're going to show a weapon. I didn't understand what he said originally, but it was -- it was really intense.

At the time, Hershberger thought he saw a handle of either a firearm or a knife in appellant's waistband when appellant raised his shirt. This was the first time this had ever happened to Hershberger.

Hershberger alerted an internal Kwik Trip security team to the incident, but he did not immediately contact the police because he thought the security team would decide if police involvement was necessary. Several hours later, however, appellant returned to the store, and that prompted Hershberger to contact the police directly. When the police responded to that call, they learned that a man matching the appellant's description was nearby. The responding officers located appellant, spoke to him briefly and, after appellant attempted to run away from the officers, tackled him and placed him under arrest.

Appellant was indicted for robbery under section 29.02 of the Texas Penal Code. The indictment alleged:

[On or about July 1, 2018, Gebreyesus] intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place JUSTIN HERSHBERGER in fear of imminent bodily injury and death.

The indictment included one enhancement paragraph for a 2014 robbery conviction.

Following a bench trial, the trial court found appellant guilty of robbery as alleged in the indictment. Appellant plead true to the enhancement, the trial court accepted that plea and assessed punishment at ten years' confinement. On appeal, appellant argues the evidence is legally insufficient to support the conviction for robbery. Specifically, appellant maintains the evidence is legally insufficient to establish that appellant intentionally or knowingly threatened or placed Hershberger in fear of imminent bodily injury or death.

–3–

**Standard of Review**

A challenge to the sufficiency of the evidence is evaluated under the standards established in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 895, 912 (Tex. Crim. App. 2010). We review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 894–95. This standard of review for legal sufficiency is the same for both direct and circumstantial evidence. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326.

For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with appellant's guilt. *Wise*, 364 S.W.3d at 903. Rather, we consider only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Hooper*, 214 S.W.3d at 13.

**Robbery**

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a). A person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2). This statute, written in the disjunctive, covers both a situation in which the defendant actually threatens the victim and a situation in which the defendant implicitly threatens the victim and places the victim in fear. *Howard v. State*, 333 S.W.3d 137, 138–39 (Tex. Crim. App. 2011).

–4–

It is not necessary for an alleged robber to display a weapon or make an express threat to support a finding that the victim was threatened or placed in fear. *See Cranford v. State*, 377 S.W.2d 957, 958–59 (Tex. Crim. App. 1964); *Davis v. State*, 796 S.W.2d 813, 816 (Tex. App.—Dallas 1990, pet. ref'd). The victim of a robbery may reasonably perceive fear in circumstances where no actual threats were conveyed by the defendant. *See Welch v. State*, 880 S.W.2d 225, 226–27 (Tex. App.—Austin 1994, no pet.) (appellant was not armed and did not expressly threaten victim—generally aggressive manner was sufficient to place bank teller in fear); *Knight v. State*, 868 S.W.2d 21, 24–25 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (pushing convenience store clerk's hands away, having what appeared to be a gun handle in his pocket); *Wilmeth v. State*, 808 S.W.2d 703, 706 (Tex. App.—Tyler 1991, no pet.) (menacing glance and a hand gesture, no verbal threats). Further, a defendant can accomplish the threat of bodily injury by causing the complainant to believe in some way that the defendant has a weapon. *Rose v. State*, 672 S.W.2d 639, 640 (Tex. App.—Fort Worth 1984, pet. ref'd) (citing *Anderson v. State*, 221 S.W.2d 268, 270 (1949); *Bartley v. State*, 205 S.W.2d 600, 601 (1947)). The defendant's actions are sufficient to satisfy the threat element of the offense if they are "of such nature as in reason and common experience is likely to induce a person to part with his property against his will." *Howard*, 333 S.W.3d at 138 (quoting *Cranford*, 377 S.W.2d at 958).

## Analysis

Appellant admitted to committing theft. During his direct examination, appellant admitted to walking into the store, taking the beer, and not paying for it. During closing argument, defense counsel told the court there was "no doubt that the defendant stole beer." The only issue contested below was whether appellant's actions satisfied the threat element that would turn his theft into robbery. On appeal, appellant argues the evidence was legally insufficient to support the robbery conviction. We conclude, as the trial court did, that the evidence was legally sufficient.

Hershberger testified that appellant made a threat by lifting his shirt and saying he had a firearm. Hershberger also testified that he felt "pretty intimidated" by appellant's actions. The store's surveillance footage captured appellant walking into the store, turning back to Hershberger and saying "I'll show you my pistol," and lifting his shirt to show his stomach and waistband. The video also shows appellant walking toward the front door with a box of beer and captured appellant telling Hershberger again "I'll show you my pistol" before he leaves the store without paying for the beer. Hershberger testified that when someone lifts their shirt to show their waistband like appellant did, that usually means the person has a weapon in the waistband and is threatening you by showing the weapon. He further testified that he thought he saw a handle of a knife or gun in appellant's waistband.

The evidence showed that appellant displayed a weapon or, at a minimum, appeared to display a weapon. Further, viewing the evidence in the light most favorable to the prosecution, the evidence showed that appellant's threatening body language placed Hershberger in actual fear and caused him to believe appellant intended his words and actions as an overt threat. From that evidence, the trial court judge, acting as fact-finder, could have rationally found appellant placed Hershberger in fear of imminent bodily injury or death. Accordingly, Hershberger's testimony and the surveillance footage constituted legally sufficient evidence to support the trial court's determination that appellant was guilty of robbery.

**Conclusion**

We resolve appellant's single issue against him and affirm the judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
190063F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEKLEA GEBREYESUS, Appellant

No. 05-19-00063-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1855502-V.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of December, 2019.